# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY KVECH, ET UX. | * |
| | * |
| v. | *    Civil No. – JFM-13-865 |
| | * |
| ALPINE LAKE PROPERTY | * |
| OWNERS ASSOCIATION, INC. | * |

## MEMORANDUM

Plaintiffs have brought this action against Alpine Lake Property Owners Association, Inc. Alpine Lake has filed a motion to dismiss for lack of personal jurisdiction, for improper venue, and for failure to state a claim upon which relief can be granted. I have concluded that the action should proceed in the Northern District of West Virginia. Accordingly, I am *sua sponte* transferring this action to the Northern District of West Virginia under 28 U.S.C. §1404(a). I will deny Alpine Lake's motion to dismiss as moot, except to the extent that it is based upon the alleged failure of the complaint to state a claim upon which relief can be granted. In my view that portion of the motion to dismiss should be decided by a West Virginia court.

Plaintiffs are citizens of the State of Maryland. They own a lot at Alpine Lake and are co-owners of real property known as .3 Mile Snaggy Road, located in Garrett County, Maryland, adjacent to the Alpine Lake property. The Snaggy Road property is landlocked without access to a public road.

According to plaintiffs, before purchasing the Snaggy Road property, they had discussions with the property manager of Alpine Lake. They assert that as a result of these discussions, plaintiffs agreed to purchase a lot in Alpine Lake and that they would improve and

1

maintain both Burchinal Road from the intersection of Bee Balm to the common boundary of the two properties. Alpine Lake agreed that it would allow access to the Snaggy Road property by way of a right of way easement through Alpine Lake's property. Plaintiffs allege that they expended money in purchasing a lot in Alpine Lake and in improving Burchinal Road. Further, plaintiffs allege that they paid fees to Alpine Lake as the result of their purchase of the lot.

Alpine Lake's property is located in West Virginia but is immediately adjacent to the State of Maryland. Plaintiffs assert that Alpine Lake promotes at least six Maryland realtors and several Maryland contractors who act as agents for the sale of property and home construction and improvement on its property. Plaintiffs also assert that a hiking trail, blazed by an Alpine Lakes resident, crosses over into Maryland and that Alpine Lake advertises itself on a billboard located in Garrett County. Arguably, these allegations are sufficient to subject Alpine Lake to personal jurisdiction in Maryland. *See Greenwood v. Tides Inn, Inc.*, 504 F. Supp. 992 (D. Md. 1980).

Nevertheless, it is clear to me that this case should proceed in West Virginia, not Maryland. Plaintiffs' lawyers practice not far from Baltimore but the situs of the litigation is at Alpine Lake, which is more than a four hour drive from Baltimore. Therefore, it cannot be said that Baltimore is a convenient forum for the parties and the witnesses. More importantly, plaintiffs seek as a remedy the issuance of an injunction requiring Alpine Lake to grant them a right of way through its property. In my judgment, it is in the public interest that a West Virginia court, not a Maryland court, should decide whether the imposition of such a burden on property located in West Virginia should be ordered. Accordingly, I will enter an order of transfer.

A separate order effecting the rulings made in this Memorandum is being entered herewith.

Date: 10/27/17

/s/
J. Frederick Motz
United States District Judge